DAVID L. KELLER, Appellant, v. AMERICAN CHAIN COMPANY, Respondent.— Order setting aside verdict and directing a dismissal of the complaint, and judgment entered thereon, unanimously affirmed, with costs. The rebates on shipments collected by Rosenthal's employer belonged to the defendant. They were so collected through the work of Rosenthal in the performance and discharge of his duties as an employee. Under the contract between such employer and the defendant the former was the latter's agent in the payment of freight rates and the defendant's trustee as to rebates collected. Rosenthal knew all this and that his employer's collections were for defendant. It must be assumed, in fairness to Rosenthal's employer, that defendant would shortly be apprised of the collections of rebates made. Rosenthal, therefore, parted with nothing of value in reaching the defendant and obtaining the contract before it was made acquainted with the facts and benefits to which it was legally entitled. Rosenthal's employer could not, in the circumstances, make the contract sued upon and Rosenthal was in no better position than his employer. Lazansky, P. J., Young, Kapper and Hagarty, JJ., concur; Carswell, J., concurs in result, with the following memorandum: The contract sued upon was made after Rosenthal had disclosed to his master the information which was made the subject of the contract; therefore, when the contract was made the information had ceased to be exclusive.